VALUE HOMES, INC. v. MAMIE HARRIS

No. 749DC766

(Filed 20 November 1974)

**Rules of Civil Procedure § 60— amended complaint not personally served on defendant — judgment valid — motion to set aside denied**

Where an amended complaint was duly filed by the plaintiff pursuant to a valid order of the court and a copy thereof was delivered

to defendant's attorney of record, defendant's contention that the trial court's judgment was void because the amended complaint was not personally served upon her is without merit, and she is not entitled to have that judgment set aside pursuant to Rule 60(b)(4).

APPEAL by defendant from *Allen, Judge,* 10 June 1974 Session of District Court held in GRANVILLE County. Heard in the Court of Appeals on 17 October 1974.

This is an appeal from an order denying defendant's motion to be relieved from a final judgment entered in the cause wherein plaintiff, Value Homes, Inc., sought to recover from defendant, Mamie Harris, $4,600.00 for the alleged unjust enrichment of defendant by plaintiff in mistakenly constructing a house on defendant's land.

The following facts are not controverted: Plaintiff instituted this action in Granville County on 6 July 1964 by the filing of a verified complaint and the issuance of a summons. On 7 July 1964, the defendant was served with a copy of the original complaint and a summons by the Sheriff of Wake County. On 13 November 1964, defendant filed a verified answer to plaintiff's complaint. The answer noted that W. M. Hicks was the attorney of record for defendant. Later, however, due to the illness of Hicks, Hugh M. Currin was associated as attorney of record for defendant. On 21 November 1966, Mr. Currin appeared on behalf of the defendant in the Superior Court of Granville County and demurred ore tenus to the plaintiff's complaint. Judge W. A. Johnson sustained the demurrer but allowed plaintiff thirty days in which to file an amended complaint. On 19 December 1966, within the time allowed, plaintiff filed an amended complaint and delivered a copy of the amended complaint to Hugh M. Currin, the defendant's attorney of record. The defendant did not file answer to the amended complaint; but her attorney of record, Hugh M. Currin, continued to discuss from time to time the possibility of settlement with plaintiff's attorney. No settlement was reached, and the case was calendared for trial for the week of 4 June 1973. On 7 June 1973, upon his motion, Mr. Currin was allowed to withdraw as defendant's attorney. On the same date the court entered judgment in the case for plaintiff in the amount of $4,600.00. After receiving notice of the execution sale of her lot, the defendant, on 1 March 1974, filed this motion to set aside the judgment.

After a hearing on the motion, the court made findings of: fact substantially as set out above and made the following pertinent conclusions of law:

"That upon service of the original Complaint and summons upon the defendant, Mamie Harris, on July 7, 1964, the Court gained jurisdiction over the parties and subject matter of this cause."

"That delivery of a copy of the Amendment to Complaint to Hugh M. Currin, attorney of record for the defendant, constituted service of Amendment to Complaint upon the defendant, Mamie Harris, and that the former Rules of Civil Procedure, former Rules of Court and the Order entered by the Honorable W. A. Johnson on November 21, 1966, in this cause required no further service of said Amendment to Complaint."

From an order denying the motion, defendant appealed.

*Royster & Royster by S. S. Royster for plaintiff appellee.*

*Kirk & Ewell by John E. Tantum for defendant appellant.*

HEDRICK, Judge.

Defendant's motion to set aside the judgment dated 7 June 1973 was made pursuant to G.S. 1A-1, Rule 60(b)(4), which in pertinent part provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

*    *    *

(4) The judgment is void; * * *"

Defendant argues that the judgment is void because the amended complaint was not personally served upon the defendant. We do not agree. The record before us shows conclusively that the court had jurisdiction to enter the order dated 21 November 1966 allowing plaintiff thirty days within which to file an amended complaint. We are aware of no statute or legal precedent antedating the rules of civil procedure effective 1 January 1970 which required that an amended complaint filed pursuit to a valid order of the superior court be served personally on the defendant by an officer or otherwise. The record and

the unchallenged findings of fact made by the trial judge show clearly that the amended complaint was duly filed by the plaintiff pursuant to a valid order of the court and that a copy thereof was delivered to the defendant's attorney of record. Defendant's failure to file answer or otherwise defend herself against the proceeding did not divest the court of jurisdiction to proceed to judgment. Defendant has failed to show that the judgment is void or that she is in any way entitled to be relieved therefrom pursuant to Rule 60(b)(4).

Affirmed.

Judges MORRIS and BALEY concur.